IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARTIN AXELROD, conservator of the
Estate of Alan Axelrod, an incapacitated person,

                    Plaintiff,

        vs.                                                    No. CIV 97-863 M/LFG

GENERAL MOTORS CORPORATION and
NATIONAL RENTAL SYSTEM, INC.,

                    Defendants.


## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT AND FOR SANCTIONS

        THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment on Liability

and, or in the Alternative, Motion for Sanctions for Failure to Comply with the Court's Order

Granting Motion to Compel [Doc. 126].  The motion, response and reply were simultaneously filed

on September 3, 1998.[1]

        Plaintiff Martin Axelrod ("Axelrod") seeks imposition of the most severe sanction, default

judgment, based on his assertion that Defendant, General Motors Corporation ("GM") failed to

comply with the Court's order concerning discovery.  GM argues that it has produced all of the

documentation required by the Court and all of the information requested by Axelrod, even though

---

        [1] Resolution of discovery disputes and other preliminary, non-dispositive matters are within the
Magistrate Judge's authority.  Federal Magistrate Act of 1968, Pub. L. No. 90-578, 82 Stat. 1007, 28 U.S.C. §
636.  Case dispositive rulings, however, are not.  Id.  Should the Magistrate Judge conclude that a Fed. R. Civ.
P. 37 violation has occurred and that the appropriate sanction be a default judgment, a report and recommendation
would be made to the District Judge.

Axelrod's requests included information totally irrelevant to the controversy.

Axelrod asserts a claim for product defect.  The accident that gave rise to this lawsuit was a single-vehicle collision involving a 1997 Chevrolet S/T Blazer.  On a winter evening in January 1997, the driver lost control of the vehicle, apparently due to icy conditions, and struck the side of a rock wall.  The driver and two back-seat passengers, each of whom was wearing a seat belt, were uninjured.  Alan Axelrod, the right front passenger, was not wearing a seat belt, and at some point in the collision, the right passenger door opened and he was ejected.  Axelrod claims that the door latch on the Blazer was defectively designed and unreasonably dangerous.

GM demonstrates that the door latch used on the 1997 Blazer is called the "mini-wedge" and was introduced to the S/T Blazers in 1995.  Notwithstanding that the claimed design defect concerned the mini-wedge latch, Axelrod's document production was exceedingly broad and encompassing, and included documents for a variety of the vehicle's component parts for a ten-year period.  The documents requested there, in many instances, bear no relationship to the claims in this case.  Axelrod sought information on such things as the truck volume, seating capacity, specifications for windshield and trim, drawings and specifications for seat backs, cushions, lift gate doors, arm rests, floor pans and numerous other items that appear totally unrelated to any issue in this case.

GM's initial disclosures served in August 1997 included 1,600 documents, together with an index involving information on the vehicle, warranty, history, owners manual, service bulletins, service manuals, advertising literature and sales brochures.  Because the claim alleged a defective latch, GM produced assembly documents, engineering drawings and changes, compliance reports, test work orders and test specifications for the door and door latch assembly on 1995 through 1997 S/T vehicles.  Information concerning design failure analysis, crash test reports, and National Traffic

Safety Administration new car assessment testing on the 1995 through 1997 vehicles was also provided.  Finally, GM provided owner complaints and reports of other accidents in which it was alleged that the front door latch assembly on the 1995 through 1997 utility vehicles failed or was defective.

Following the initial disclosure and first round of document production, Axelrod filed a motion contending that key information concerning the vehicle was sought and not produced.  The Court issued an order directing that GM produce documents relating to "the door, the locking mechanism and the components, internal or external, to which the door attaches or touches." Subsequent to the issuance of that order, in an effort to comply with the letter and spirit of the Court's directive, GM gathered, copied, packaged and shipped nineteen boxes of documents.  With this production, together with prior productions, GM produced 41,000 documents to Axelrod's counsel.

The present dispute now concerns Axelrod's contention that GM has failed to provide information related to the "weight and center of gravity determined by calculation" and the "coordinate dimensions" of various component parts.  GM argues that the Motor Vehicle Safety Standard, No. 206, regulates the design of door latches.

> The criteria in FMVSS-206 were taken directly from a well-established standard of the Society of Automotive Engineers (SAEJ839: recommended practice--passenger car side door latch systems), which has been in place for more than thirty-five years. Among other criteria, and central to the issues in this case, FMVSS-206 requires that all door latches be designed to withstand inadvertent unlatching due to inertial forces of thirty G's or less.

GM states that the analysis of inertial forces requires a mathematical calculation and that these calculations are, indeed, complex.  GM submits the affidavit of William Eckenwiller, who has a

Bachelor of Science degree in mechanical engineering and a Master of Science in Computer Science and Engineering.  He is employed with GM as part of its door latch group and has been employed as an engineer with Delphi Interior and Lighting Systems, a GM division, for two years.  He is the Senior Project Engineer in the Engineering Analysis Group at Delphi.

Eckenwiller testifies that he is familiar with the Federal Motor Vehicle Safety Standard 206 G level inertial load requirements for the front door systems on the 1997 Blazer and with the calculations necessary to determine compliance with that standard.  He reviewed the computer data submitted in documents Bates number stamped 004395-004397 produced by GM to Axelrod, together with the layout drawings, assembly drawings, and detail drawings for the door latch assembly used for the 1997 Chevrolet Blazer.  These drawings included door latch, rods, springs, inside handles, outside handles and other components.  Those drawings were produced as documents 00159-00163, 04464-04465, and 004470-004482.  Eckenwiller testifies:

> These are the components necessary for the calculation as set forth in Society of Automotive Engineers (SAE) Standard J839, and as contemplated by the federal government in FMVSS 206.  Those documents and drawings contain all of the axis coordinates, weights, angles, center of gravity and other data necessary to perform the 30g calculations required under FMVSS 206.

The witness concludes that all documents necessary to perform the FMVSS 206 inertial load calculations for the front door system for this particular vehicle have been provided by GM to Axelrod.  GM provided Axelrod with a computer disk showing precisely how the calculations were done; provided instructions for using the computer program; and provided a videotape containing additional information about the calculations and component drawings.

Based on this information, the Court concludes that GM has fully complied with the Court's

4

order concerning discovery.  Axelrod not only has all of the information necessary to perform the calculations, he has been provided with GM's own calculations and information on how GM arrived at those calculations.   The Court concludes that GM has fully complied with the Court's directive concerning production of documents.

Axelrod's motion for default judgment is denied; Axelrod's motion for imposition of sanctions is denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

COUNSEL FOR PLAINTIFF:
Patrick A. Casey, Esq.
Turner W. Branch, Esq.

COUNSEL FOR DEFT. GENERAL MOTORS:
Alfred L. Green, Jr., Esq.
David M. Prichard, Esq.

COUNSEL FOR DEFT. NATIONAL CAR RENTAL:
Jennifer L. Weed, Esq.